# United States District Court

## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ADAM HOFFMAN, et al. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-3224-S |
| | § | |
| GENESIS HEALTHCARE, INC., et al. | § | |
| | § | |
| | § | |
| IN RE: | § | BANKRUPTCY CASE |
| GENESIS HEALTHCARE, INC., et al. | § | NO. 25-80185-SGJ11 |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Appellants Healthcare Negligence Claimants'[1] Motion for Leave to Appeal Claims Liquidation Procedures Order ("Motion") [ECF No. 1-2]. Having considered the Motion, Appellees Genesis Healthcare, Inc., and certain of its affiliates and subsidiaries' Response to the Motion [ECF No. 2], and the applicable law, the Court **DENIES** the Motion.

## I. BACKGROUND

On July 9 and 10, 2025, Appellees filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court"). Appellees moved for approval of the Unliquidated Claim Procedures, which proposed a streamlined process for liquidating personal injury, wrongful death, and other negligence claims against Appellees and non-debtor co-defendants. *See* Debtors' Motion for Entry of an Order (I) Approving and Authorizing Mandatory Unliquidated Claim Procedures to Resolve Professional Liability and General Liability Claims; (II) Requiring the Debtors' Insurers to Satisfy Their Obligations Under the Applicable Policies; and (III) Granting Related Relief ("Claim Procedures Motion"), *In re*

---

[1] Unless otherwise defined herein, defined terms have the same meaning as in the underlying order.

*Genesis Healthcare, Inc.*, No. 25-80185-SGJ11 (Bankr. N.D. Tex. Oct. 7, 2025), Dkt. No. 1201. The Bankruptcy Court granted the Claim Procedures Motion and adopted the Unliquidated Claim Procedures. *See* Order (I) Approving and Authorizing Mandatory Unliquidated Claim Procedures to Resolve Professional Liability and General Liability Claims; (II) Requiring the Debtors' Insurers to Satisfy Their Obligations Under the Applicable Policies; and (III) Granting Related Relief ("Bankruptcy Court Order") [ECF No. 1-2] 29-33. On November 21, 2025, Appellants' Notice of Appeal relating to the Bankruptcy Court Order was filed in this Court. *See* Notice of Appeal [ECF No. 1-1]. Contemporaneously, Appellants filed the Motion, seeking leave to appeal pursuant to 28 U.S.C. § 158(a)(3). *See* Mot. 1. In the Motion, Appellants challenge the Bankruptcy Court's jurisdiction over state law claims and the non-debtor co-defendants, the Bankruptcy Court's entry of an injunction regarding certain claims, and the impact of the Bankruptcy Court Order on the Seventh Amendment right to a jury trial. Mot ¶ 18.

## II. LEGAL STANDARD

A district court may grant leave to appeal a bankruptcy court's interlocutory order pursuant to 28 U.S.C. § 158(a)(3). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *Stumpf v. McGee (In re O'Conner)*, 258 F.3d 392, 399-400 (5th Cir. 2001) (citation omitted). Appeals from bankruptcy courts are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). Thus, while Section 158(a)(3) does not provide a standard for determining when to grant leave, district courts have adopted the standard under 28 U.S.C. § 1292(b) that applies to circuit court review of interlocutory district court orders. *See, e.g., Dondero v. Jernigan (In re Highland Cap. Mgmt., L.P.)*, No. 3:21-CV-

0879-K, 2022 WL 394760, at *3 (N.D. Tex. Feb. 9, 2022) (collecting cases).

Under Section 1292(b), an interlocutory order may be appealed if the district court determines that it involves "[(1)] a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). "The moving party has the burden to demonstrate the need for interlocutory appeal[,]" and all three of the statutory criteria must be met before an interlocutory appeal is proper. *Alex v. T-Mobile USA, Inc.*, No. 3:17-CV-1532-M, 2018 WL 11275541, at* 1 (N.D. Tex. Apr. 16, 2018); *see also Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. Unit A Apr. 1981). "Permission to appeal under§ 1292(b) is sparingly granted and the Fifth Circuit disfavors interlocutory appeals," allowing certification only in "exceptional" cases. *Odle v. Wal-Mart Stores Inc.*, No. 3:11-CV-2954-O, 2013 WL 66035, at *2 (N.D. Tex. Jan. 7, 2013) (citing *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985)).

### III. ANALYSIS

In arguing for leave to appeal, Appellants primarily focus on the "good cause" standard under Federal Rule of Bankruptcy Procedure 8004(b)(1), despite acknowledging that district courts have consistently "applied the standard under 28 U.S.C. § 1292." Mot. ¶ 20. This Court has adopted the standard under 28 U.S.C. § 1292(b), and Appellants must meet the requirements of that statute.

The Court finds that Appellants have not met the statutory criteria for an interlocutory appeal because they have not demonstrated that an appeal would materially advance the ultimate termination of the underlying bankruptcy proceeding. The Unliquidated Claim Procedures set forth "a standard methodology for informal and formal negotiations, fostering settlement and liquidation of Unliquidated Claims." Bankruptcy Ct. Order, Ex. 1 [ECF No. 1-2] 36. Considering that the

Unliquidated Claim Procedures were "designed to promote the efficient liquidation of unliquidated claims against [Appellees] for purposes of [the] jointly administered bankruptcy cases[,]" *id.*, resolving an appeal in favor of Appellants would disrupt the settlement process and slow the ultimate termination of the underlying bankruptcy proceeding. Further, resolving whether the Bankruptcy Court had the authority to issue the Bankruptcy Court Order would not decrease the number of issues remaining before the Bankruptcy Court. Appellants have not articulated, and it is not apparent, how resolving the question of the validity of the Bankruptcy Court Order "would eliminate the need for trial, simplify the issues for trial, or reduce the burden of discovery." *Celadon Trucking Servs., Inc. v. Moser*, No. 4:19-CV-375, 2019 WL 4226854, at *3 (E.D. Tex. Sept. 4, 2019) (citation omitted).

Because Appellants have not demonstrated that an appeal of the Bankruptcy Court Order would materially advance the ultimate termination of the litigation, they have not demonstrated that the Court should grant leave to appeal. Thus, the Court need not address the remaining Section 1292(b) factors. *See Genter v. Reed* (*In re Genter*), No. 3:19-CV-1951-E, 2020 WL 3129637, at *3 n.2 (N.D. Tex. June 12, 2020) (citation omitted).

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Appellants Healthcare Negligence Claimants' Motion for Leave to Appeal Claims Liquidation Procedures Order [ECF No. 1-2].

**SO ORDERED.**

SIGNED March 2, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**